```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SHAWN MACHICOTE,

                        Petitioner,         06 Civ. 13320 (DAB)(JCF)
                                             ADOPTION OF REPORT
                                             AND RECOMMENDATION
         -against-


ROBERT E. ERCOLE, Superintendent,

                        Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/25/11

## I. BACKGROUND

Now before the Court is pro se Petitioner Shawn Machicote's November 20, 2006 Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction in New York State Supreme Court, New York County, for murder in the second degree. Petitioner alleges that: (1) his right to due process was violated by the admission into evidence of statements he made to detectives while incarcerated in North Carolina on unrelated charges; (2) his rights to a fair trial, due process, and equal protection were violated when the trial court overruled defense counsel's preemptory challenges against prospective jurors; and (3) his Sixth Amendment right to confront witnesses against him was violated by the introduction at trial of hearsay statements from a witness. (Report at 1.)

1

On December 8, 2006, the Petition was referred to United States Magistrate Judge James C. Francis IV for a report and recommendation.

Judge Francis' January 18, 2008, Report and Recommendation (the "Report") recommends that Petitioner's habeas corpus Petition be denied. (Report at 1.) Specifically, Judge Francis recommends that the Petition be denied because: (1) statements Petitioner made while incarcerated in North Carolina were not made under coercion beyond the mere fact of imprisonment, and the state court's decision to admit those statements was not contrary to, and did not involve the unreasonable application of, clearly established federal law; (2) proper procedure was employed by the state court in overruling defense counsel's preemptory challenges under Batson v. Kentucky, 476 U.S. 79 (1986), and preemptory challenges guaranteed by New York state law can not be challenged by federal habeas corpus review; and (3) in-court statements challenged by Petitioner were not hearsay because they were admitted to establish the witnesses state of mind, and review of the Petitioner's Confrontation Clause claim is barred because of procedural default during the state court proceedings. Petitioner filed untimely objections to Judge Francis' Report, which the Court will nevertheless consider.

2

For the reasons set forth below, Judge Francis' Report is adopted in its entirety, and Petitioner's Petition for the writ of habeas corpus is HEREBY DENIED.

## II. DISCUSSION[1]

A. Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. s 636(b)(1)(C). The court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

"To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);

---

[1] The Factual Background is set forth in detail in Judge Francis' Report and will not be reiterated here. (Report at 2-15.)

3

see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008)("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original Petition.")(citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)(citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., 2008 WL 2811816 (S.D.N.Y. July 21, 2008)(internal quotations marks omitted)).

4

On April 29, 2008, Petitioner filed untimely objections[2] to Judge Francis' Report (the "Objections"). Reading Petitioner's letter in the most lenient manner possible, Petitioner objects to Judge Francis' rejection of Petitioner's Confrontation Clause claim on the grounds that ineffective assistance of counsel cures the procedural default in that claim.

Petitioner did not object to Judge Francis' Report on Miranda and Batson claims and, accordingly, the Court will review these issues only for clear error. Indymac Bank, F.S.B., 2008 WL 4810043, at *1. Because Petitioner objected to Judge Francis' recommendation on the Confrontation Clause claim, the Court will review that claim de novo. 28 U.S.C. § 636(b)(1)(C).

B. Legal Standard

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable

---

[2] After being granted several extensions, Petitioner filed his Objections one day late, on April 29, 2008. Attached to his Objections was a copy of Petitioner's motion to vacate judgment pursuant to New York State C.P.L. § 440.1 that Petitioner filed in New York State Supreme Court. Petitioner requested a delay in ruling on the Report so that the state court could rule on his motion to vacate. On December 8, 2009, Petititioner wrote the Court asking of the status of his habeas petition. On January 16, 2009, the Supreme Court of the State of New York, New York County, denied Petitioner's motion under § 440.1 and there is no record of Petitioner appealing this decision.

application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); accord Hoi Man Yung v. Walker, 468 F.3d 169, 176 (2d Cir. 2006); Ernst J. v. Stone, 452 F.3d 186, 193 (2d Cir. 2006). The phrase, "clearly established Federal law," limits the law governing a habeas Petitioner's claims "to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Carey v. Musladin, 549 U.S. 70, 74 (2006)(quoting Williams, 529 U.S. at 365); accord Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

"The 'unreasonable application' standard is independent of the 'contrary to' standard ... [and] means more than simply an 'erroneous' or 'incorrect' application" of federal law." Henry v. Poole, 409 F.3d 48, 68 (2d Cir. 2005) (citing Williams, 529 U.S. at 410). A state court decision is based on an

6

"unreasonable application" of Supreme Court precedent if it correctly identifies the governing legal rule, but applies it in an unreasonable manner to the facts of a particular case. See Williams, 529 U.S. at 413. The inquiry for a federal habeas court is not whether the state court's application of the governing law was erroneous or incorrect, but, rather, whether it was "objectively unreasonable." Id. at 408-10; see also Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001)("[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently.  The state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable.").

Moreover, under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 37 F.3d 175, 181 (2d Cir. 2003)("This presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-

court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

C. Miranda Claim

Judge Francis found that statements Petitioner made while incarcerated in North Carolina were not made under coercion beyond the mere fact of imprisonment, and the state court's decision to admit those statements was not contrary to, and did not involve the unreasonable application of, clearly established federal law. After reviewing Judge Francis' findings for clear error on the face of the record, the Court ADOPTS Judge Francis' recommendation that the Petitioner's Petition for the writ of habeas corpus on this claim be DENIED.

D. Batson Ruling and Peremptory Challenges Claim

Judge Francis found that proper procedure was employed by the state court in overruling defense counsel's preemptory challenges under Batson v. Kentucky, 476 U.S. 79 (1986), and that peremptory challenges are guaranteed by New York state law, not federal law, and thus cannot be challenged under federal habeas corpus review. After reviewing Judge Francis' findings for clear error on the face of the record, the Court ADOPTS Judge Francis' recommendation that the Petitioner's Petition for the writ of habeas corpus on this claim be DENIED.

E. Confrontation Clause Claim

1. Procedural Default

Judge Francis recommends that Petitioner's Confrontation Clause claim be barred because of procedural default during the state court proceedings, and even if Petitioner's Confrontation Clause claim was not barred, it would fail on the merits.

Petitioner contends that the admission of Stephanie Arthur's testimony regarding out of court statements identifying Petitioner as the shooter violated his Sixth Amendment right to confront witnesses against him.[3] The Respondent argues that this claim is procedurally defaulted because the Petitioner did not clearly raise it as an objection, on constitutional grounds, during trial.

A procedural default generally bars a federal court from reviewing the merits of a habeas claim. Wainwright v. Sykes, 433

---

[3] Ms. Arthur was one of two witnesses that witnessed the shooting, but did not inform the authorities of what she saw until several months later. During trial, Ms. Arthur testified that she "didn't see him [Mr. Machicote] shoot the guy, but after a while, after I heard that it was the guy Shawn in the rap video, I put two and two together." (Tr.(2) at 431.) Defense counsel objected to the testimony of Ms. Arthur because she was "not testifying from her recollection," but instead from what she had heard from others. (Tr.(2) at 431-32.) The court refused to strike Ms. Arthur's testimony on this point, but instructed the jury that what Ms. Arthur heard from others was admissible only insofar as it informed her mental state. (Tr.(2) at 437.) At that point, Mr. Petitioner's counsel moved for a mistrial, but the trial judge denied the motion. (Tr.(2) at 437.)

U.S. 72 (1977). Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." Cotto v. Hebert, 331 F.3d 217, 238 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). A state procedural bar qualifies as an "'independent and adequate' state law ground where 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Levine v. Commissioner of Correctional Services, 44 F.3d 121, 126 (2d Cir. 1995)(quoting Harris v. Reed, 489 U.S. 255, 262 (1989)). Here, the Appellate Division found Petitioner's Confrontation Clause claim unpreserved because Petitioner's objection to Ms. Arthur's testimony failed to reference any constitutional grounds for the objection. People v. Machicote, 23 A.D.3d at 265, 804 N.Y.S.2d at 78 ("To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.").

Under New York's contemporaneous objection rule, an issue is properly preserved for appellate review only if the party raised an objection at trial. N.Y. C.P.L. § 470.05(2). Even if there is an objection to the admission of testimony at trial, to preserve a constitutional claim grounded on the Confrontation Clause, New York law demands that counsel specify the

10

constitutional dimension of the objection. E.g., People v. Quails, 55 N.Y.2d 733, 734, 431 N.E.2d 634, 635, 447 N.Y.S.2d 149, 150 (1981). "If a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with ... a 'contemporaneous objection' rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review." Peterson v. Scully, 896 F.2d 661, 663 (2d Cir. 1990); see also Wainwright v. Sykes, 433 U.S. 72, 82-86 (1977); Garcia v. Lewis, 188 F.3d 71, 78-79 (2d Cir. 1999).

Here, Petitioner's trial counsel objected to Ms. Arthur's testimony at trial, but counsel made no mention of Petitioner's right to confront witnesses, or any constitutional grounds for his objection. Counsel's primary reason for objecting was only that Ms. Arthur could not independently identify Petitioner as the shooter and that her entire testimony should be stricken on that basis. (Tr. at 431-36). Therefore, the Appellate Division's holding that any constitutional claim was not preserved for review is not contrary to, or an unreasonable application of, clearly established federal law.

A federal habeas court may not review a prisoner's claim if that claim was procedurally defaulted in state court "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law."

11

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Excuse of procedural default requires a showing that some external impediment actually prevented counsel from raising the claim. McCleskey v. Zant, 499 U.S. 467, 497 (1991); Murray v. Carrier, 477 U.S. 478, 492 (1986). A petitioner suffers actual prejudice if the outcome of the case would likely have been different had the alleged constitutional violation not occurred. See Reed v. Ross, 468 U.S. 1, 12 (1984); Trottie v. Mantello, No. 98 Civ. 5581, 1999 WL 187202, at *4 (S.D.N.Y. April 6, 1999).

If the petitioner is unable to meet the cause and prejudice standard, his claim may still be heard if he can show that failure to consider the claim would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. However, only in an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," will "a federal habeas court grant the writ even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 496; accord Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 170 (2d Cir. 2000).

Here, Petitioner has not shown that either the "cause and prejudice" or "fundamental miscarriage of justice" exceptions apply. Petitioner cannot meet the cause and prejudice standard because Petitioner has proffered no compelling explanation for counsel's failure to make a constitutional objection to Ms.

12

Arthur's testimony during trial. Nor is this an "extraordinary case" that has clearly "resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Consequently, Petitioner's Confrontation Clause claim is barred

2. Petitioner's Hearsay Claim Fails on the Merits

Even if the Petitioner's hearsay objection was sufficient to raise a Confrontation Clause claim, the claim would also fail on the merits. "It has long been the rule that '[s]o long as ... statements are not presented for the truth of the matter asserted, but only to establish a context ... the defendant's Sixth Amendment rights are not transgressed.' " United States v. Paulino, 445 F.3d 211, 216 (2d Cir. 2006)(quoting United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990)); see also Rolland v. Greiner, No. 02 Civ. 8403, 2006 WL 779501, at *3 (S.D.N.Y. March 27, 2006)(no Confrontation Clause violation when court admitted testimony of police detectives about a non-testifying co-defendant's statements inculpating Petitioner for the purpose of explaining what led detectives to interview defendant five years after crime). Since Ms. Arthur's statements were admitted only to show her state of mind and to establish a context for her identification of the Petitioner, there was no violation of the Petitioner's Sixth Amendment rights.

13

F. Newly Presented Ineffective Assistance of Counsel Claim

Included with Petitioner's Objections was a copy of a motion to vacate judgment that Petitioner filed in state court, alleging ineffective assistance of counsel. Ineffective assistance of counsel can excuse procedural default at the state level, but the ineffective assistance of counsel claim must first be presented in state court. See Edwards v. Carpenter, 529 U.S. 446, 451-454 (2000); DiSimone v. Phillips, 461 F.3d 181, 191 (2nd Cir. 2006). At the time of his Report, Judge Francis noted that Petitioner's ineffective assistance of counsel claim was procedurally barred because Petitioner did not raise it during the state court proceedings. (Report at 37.) In an effort to cure that default, Petitioner filed a motion in state court to vacate his judgment on the grounds of ineffective assistance of counsel. While Petitioner's state court motion to vacate may have cured the procedural default in his ineffective assistance of counsel claim[4], Petitioner raises this argument for the first time in his Objections, despite the fact that in earlier filings Petitioner specifically denied any claim for

---

[4] On June 30, 2008, Petitioner's state court motion to vacate judgment for ineffective assistance of counsel was denied because "defense counsel's representation, in the Court's view, was of a far higher level of effectiveness and competence than the minimal constitutional standard." People v. Machicote, No. 11169-94, denial of motion to vacate at 8 (N.Y.Sup. Ct. N.Y. Cnty. Crim. Term, Jan. 16, 2009). This Court can find no record of an appeal of the decision denying Petitioners motion to vacate.

ineffective assistance of counsel. (Opp'n to Respondent's Mem. Law at 2.)

The Court of Appeals for the Second Circuit has not decided whether a district court must consider a new legal argument raised for the first time in objections to a magistrate judge's Report and Recommendation.  One U.S. District Court in Vermont, Wells Fargo Bank N.A. v. Sinnott, 2010 WL 297830, at *2 (D. Vermont), adopts the 11th Circuit's approach to new legal arguments, as described in Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009)(holding that in order to preserve the efficiencies afforded by the Magistrates Act, a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.).[5]

Applying this standard here, the Court finds that it does not need to address Petitioner's new legal argument because: (1) Petitioner did not make an ineffective assistance of counsel argument before Judge Francis when he had the opportunity to do so; (2) the record indicates that Petitioner was satisfied with

---

[5] The District Court of Vermont laid out a six factor test for determining if any new arguments should be allowed. Wells Fargo, 2010 WL 297830, at *3: "(1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered."

counsel; (3) Petitioner only attempted to bring an ineffective assistance of counsel claim after it was suggested in Judge Francis' Report as a possible cure to cure his Confrontation Clause claim's procedural default; (4) the Court is unaware of any intervening case or statute that has changed the state of the law regarding procedural default or ineffective assistance of counsel claims; (5) the resolution of the new legal issue raised here is not open to a serious question of law; and (6) efficiency and fairness lean strongly in favor of not considering Petitioner's new legal argument as it would effectively eliminate any efficiencies gained through the Magistrates Act and would unfairly benefit Petitioner who changed his tactics after issuance of the magistrate judge's Report and Recommendation. See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988)("an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.")

Finally, no manifest injustice will result by the Court declining to consider Petitioner's new argument.  To prevail on an ineffective assistance of trial counsel claim, Petitioner must show: (1) that counsel's performance was deficient; and (2) actual prejudice to the defense.  Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner would need to show that trial

counsel's conduct fell "outside the range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner's state court motion to vacate judgment for ineffective assistance of counsel was denied, and it would be denied here as well. The record shows zealous representation of Petitioner by counsel at trial, and there is no indication that counsel's failure to object to Ms. Arthur's testimony on constitutional grounds resulted in actual prejudice as the claim would still fail on the merits because the challenged statements by Ms. Arthur were not hearsay. See supra.

Thus, the Court declines to consider Petitioner's ineffective assistance of counsel claim raised for the first time in Petitioner's Objections to Judge Francis' Report.

### III. Conclusion

Having reviewed the January 18, 2008, Report and Recommendation of Magistrate Judge James C. Francis IV for clear error on the first two claims, and de novo on the third claim, the Court HEREBY APPROVES, ADOPTS, and RATIFIES the Report in its entirety, and Petitioner's Petition for the writ of habeas

corpus is DENIED. The Clerk of the Court is directed to close the docket in this case.

SO ORDERED

Dated: New York, New York
August 25, 2011

DEBORAH A. BATTS
United States District Judge